**LEBOWITZ et al. v. DALLAS COUNTY et al.**

No. 12607.

Court of Civil Appeals of Texas. Dallas.

Nov. 27, 1937.

McCombs, Andress & Johnson, of Dallas, for appellants.

Guy L. Mann, E. G. Moseley, and H. W. McCracken, all of Dallas, for appellees.

LOONEY, Justice.

At a former day (November 27th) we entered an order, dismissing this appeal, on the ground that the question involved was moot. Our reasons for the action taken are these: Dallas County instituted a proceedings for the condemnation, for public road purposes, of a strip of land 60x800 feet, belonging to Henry Lebowitz, being cultivated by a tenant. The usual proceedings were had, resulting in the appointment of commissioners and the assessment of damages in favor of the owner. At this juncture, Lebowitz instituted in the court below the injunction proceedings under consideration, alleging in substance that Dallas County and its engineer were unlawfully threatening to enter upon the land in question, tear down the fence, and place men and machinery thereon, and destroy the growing crop, and otherwise trespass, injure, and damage the property. The court granted the temporary injunction sought. Although plaintiffs did not, in their petition, mention the condemnation proceedings, yet it is perfectly obvious that the suit was an attack thereon, as fully disclosed by the answer of defendants and the supplemental petition filed by plaintiffs.

Dallas County dismissed the original condemnation proceedings and instituted a second, entirely distinct from the first; new commissioners were duly appointed and, after a hearing, made an award, from which Lebowitz and his coplaintiff appealed to the county court at law No. 2, and, so far as disclosed by the record, the case is pending in that court. In this situation, appellees herein filed a motion in the court below to dismiss the injunction proceedings and dissolve same, because the question involved had become moot. On hearing, the motion was sustained and the case dismissed.

The primary purpose of the motion filed by appellees was, not to dissolve the injunction, but to dismiss the proceedings giving rise to the injunction; hence the order of court dismissing the cause incidentally had the effect of dissolving the injunction. The court concluded: " * * * as a matter of law, that the original proceedings instituted in the cause by the plaintiffs herein have become moot since the dismissal by Dallas County of the first condemnation proceedings and the institution of the second proceedings, and that the motion filed herein by the defendant, Dallas County, to dissolve the temporary injunction should be in all things granted, and since the plaintiffs have declined to amend, this proceeding should be dismissed."

We are of opinion that the order of dismissal, for the reasons stated, was correct; hence the question here involved being moot, the appeal is dismissed.

Dismissed.